UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MAMADOU DIALLO,

                Plaintiff,

   -against-

THE CITY OF NEW YORK, SGT. PETER CURRAN,
P.O. JOSE ROMERO, P.O. MICHAEL SHEEHAN,
P.O. SHAWN LIRIANO, JOHN DOE 1-3,

                Defendants.
------------------------------------------------------------x

**COMPLAINT**

Jury Trial

      Plaintiff MAMADOU DIALLO (hereinafter "Plaintiff") by and through his attorneys, Robert Blossner, Esq., and Vik Pawar, Esq., respectfully alleges as follows:

**PRELIMINARY STATEMENT**

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1981, 1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

**JURISDICTION**

    2.    The action is brought pursuant to 42 U.S.C. §§1981, 1983, and 1988, and the Fourth and Fourteenth Amendments to the United States and New York Constitutions.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

7. Plaintiff is a citizen of the United States, and at all relevant time resident in the County of Bronx, State of New York.

8. Defendant City of New York is a municipal organization duly established under the laws and constitution of the State of New York.

9. Defendants Curran, Romero, Sheehan and Liriano are officers with the NYPD at the time when plaintiff's claims arose. They are sued in their individual, supervisory and official capacities.

## FACTS

10. On June 16, 2014, ("date of incident") around 8 p.m., plaintiff was driving home in the vicinity of West 137th street in New York, New York.

11. At the time of the incident plaintiff, an African-American, was a 22 year old graduate of City College with a degree in electrical engineering.

12. Plaintiff spotted a police car driving in the opposite direction.

13. Shortly thereafter, plaintiff observed that the police car made a U-turn and was following plaintiff, eventually pulling plaintiff over.

14. Defendants got out of the car and asked plaintiff for his license and registration even though plaintiff had not broken any traffic laws or any law for that matter.

15. Plaintiff handed over the requested information and one of the defendant went back to the squad car and after several minutes came back and handed the items back to plaintiff.

16. Defendants then told plaintiff that everything is "fine" but to step out of the car.

17. When plaintiff inquired what he had done wrong, defendants responded by saying that plaintiff should not make things difficult on everyone and to simply step out of the car.

18. During the time plaintiff was asking why he had to step out of his car, an undercover Jeep pulled up and other defendants got out of the car.

19. Defendant Romero pointed his gun at plaintiff and all defendants shouted for plaintiff to get out of the car.

20. Other defendants them yanked plaintiff out of the car and tightly handcuffed him and threw him down on the sidewalk and told him to stay there.

21. Defendants requested permission to search plaintiff's car and plaintiff refused to consent.

22. Thereafter, plaintiff was pulled from the sidewalk and placed inside a patrol car.

23. Without probable cause or consent, defendants proceeded to search plaintiff's car and kept asking him where the gun was located.

24. When defendants did not find any contraband or a reason to have stopped and searched plaintiff and his car, they huddled amongst themselves to decide what to do with plaintiff.

25. In an effort to cover-up their follies, defendants issued plaintiff a bogus summons for "spitting on the ground."

26. Defendants failed to appear at the date when the summons was returnable, hoping that plaintiff would never be able to locate them.

### AS AND FOR A FIRST CAUSE OF ACTION
(Unlawful search and seizure-Fourth Amendment)

27. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

28. Plaintiff was stopped, frisked and arrested even though he had committed no crime.

29. Plaintiff suffered injuries when he was yanked, thrown against the ground and injured his wrists when defendants tightened the handcuffs placed on plaintiff.

30. Plaintiff and his car were searched without any probable cause or consent.

31. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from unlawful search, seizure, false arrest and assault were violated.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under 14th Amendment-Due Process/Malicious Prosecution)

32. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

33. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

34. Defendants initiated false and baseless proceedings against plaintiff.

35. Defendants knew that if they gave plaintiff a summons, plaintiff would have to appear in court.

36. Yet defendants never retracted their false paperwork and continued the prosecution based on malice.

37. The proceedings were terminated in plaintiff's favor.

38. As a result of the foregoing, Plaintiff was deprived of his liberty and property interests and right to procedural and substantive due process.

## AS AND FOR A THIRD CAUSE OF ACTION
(Denial of Right to Fair Trial)

39. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

40. Defendants knew plaintiff was innocent.

41. Yet, Defendants seized plaintiff and in order to justify their seizure gave him a summons based on false accusations.

42. The false fabricated charge denied plaintiff the right to a fair trial or a hearing.

43. As a result of defendants' conduct, plaintiff suffered injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION
(*Monell*/Municipal Liability)

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants, collectively and individually, while acting under color of state

46. law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

47. The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to engaging in the type of conduct alleged in the factual portion of this complaint, by deploying unlawful practices. These practices have been found unconstitutional by the SDNY. Yet they continue to this day and target individuals like plaintiff. There have been numerous judgments entered against the City for the allegations outlined in this complaint.

48. Stopping minorities without any probable cause and giving them false summonses to justify their stop are endemic problems within the NYPD.

49. In addition, the Defendant's superior officers whose duty it is discipline the offending defendants and train or re-train, simply ignored their misconduct and this empowered these individual defendants and other members of the NYPD to continue with their misconduct.

50. As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

51. The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiffs and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

52. Defendants, collectively and individually were directly and actively involved in violating Plaintiff's constitutional rights by engaging in these types of similar conduct and thus making the defendant City of New York liable under *Monell*.

## AS AND FOR A FIFTH CAUSE OF ACTION
(42 U.S.C. 1981)

53. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

54. Defendants targeted plaintiff because of his race and color.

55. Defendants discriminated against plaintiff by falsely arresting and accusing him of a crime he did not commit because of his race and color.

56. As a result plaintiff's rights under 1981 were violated.

## AS AND FOR A SIXTH CAUSE OF ACTION
(42 U.S.C. 1985)

57. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

58. Defendants targeted innocent people like the plaintiff and conspired with each other cover-up their unlawful actions.

59. In addition, defendants engaged in such conduct to appease he NYPD brass that they were doing something about crimes and making stops (albeit false arrests) to obtain leverage during promotions and move up in the ranks within the NYPD.

60. Plaintiffs suffered serious and permanent physical and emotional injuries.

**WHEREFORE,** the Plaintiff requests that this Court:

    a. Award compensatory damages to the Plaintiff against the Defendants, jointly and severally, in the amount of One Hundred Thousand Dollars for each and every Cause of Action;

    b. Award the costs of this action to the Plaintiff;

    c. Award reasonable attorneys fees to the Plaintiff under 42 U.S.C. Section 1988 and/or any other applicable laws;

    d. Award punitive damages in an amount assessed by the jury;

    e. Award such other and further relief as this Court may deem appropriate.

Dated: New York, New York
       September 15, 2015

                                      PAWAR LAW GROUP P.C.
                                      20 Vesey Street, Suite 1210
                                      New York, New York 10007
                                      (212) 571-0805

                                      By: _____
                                        Robert Blossner (RB0526)
                                        Vik Pawar (VP9101)
                                        *Attorneys for Plaintiff*